UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Herbert A Young, III ,

           Plaintiff,

vs.                                             Case No.  3:09-cv-574-J-MCR

Commissioner of Social Security ,

           Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees (Doc. 25) filed July 16, 2010.  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ with respect to Plaintiff's claim for benefits.  (Doc. 24).  On July 30, 2010, Defendant filed its response in opposition to Plaintiff's Petition.  (Doc. 26).  Accordingly, this matter is now ripe for judicial determination.

**A.  Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

-1-

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. <u>Prevailing Party</u>

The Judgment in this case (Doc. 20), filed on April 23, 2010, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See <u>Shalala</u>, 509 U.S. at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on April 29, 2010, and the Petition was filed on July 16, 2010.  Accordingly, the Court finds the Petition was timely filed.

3. Claimant's Net Worth

Plaintiff's counsel represents that Plaintiff's net worth was not in excess of two million dollars at the time the Complaint was filed. (Doc. 25, ¶ 8).

4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, we now turn to the reasonableness of the amount of fees sought. Plaintiff requests an award of $2,770.26 in attorney's fees, representing 15.9 hours at an hourly rate of $172.94 in 2009 and $217.46 in 2010. (Doc. 25).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost

of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). Because the Commissioner does not oppose Plaintiff's proposed hourly rates (Doc. 26, p. 1), the Court determines a cost of living increase justifies counsel's fee in this case and thus, the Court will adopt this rate as reasonable. Accordingly, the Court finds $2,770.26 is a reasonable fee in this case.[1]

**C. Payment of Fees Directly to Counsel**

Plaintiff requests that the attorney's fees be paid directly to Plaintiff's counsel. In Astrue v. Ratliff, the Supreme Court recently held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore subject to an offset to satisfy any pre-existing debt owed by Plaintiff to the Government. 2010 U.S. LEXIS 4763, 2010 WL 2346547 (U.S. June 14, 2010). The Court found that the Commissioner's past practice of paying EAJA fees directly to attorneys did not alter the conclusion that EAJA fees are payable to litigants and are thus subject to offset where a litigant has an outstanding federal debt. Id. at *7. The Ratliff Court implicitly approved the Commissioner's current practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and assigns the right to such fees to the attorney. Id. While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.

---

[1] The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Petition for Attorney Fees (Doc. 26) is **GRANTED in part.**

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,770.26, which shall be made payable to Plaintiff.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of July, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party